IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REFUGIO VELA, JR., (TDCJ-CID #1976542) Plaintiff, vs. ADRIAN GARCIA, et al., Defendants. | § § § § § § § § § § § CIVIL ACTION H-15-1618 |

**MEMORANDUM ON DISMISSAL**

Refugio Vela, Jr., an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in June 2015, alleging civil rights violations resulting from a failure to protect his safety. Vela, proceeding pro se, sued Adrian Garcia, former Sheriff of Harris County; Sergeant Jefferson; Detention Officer Caldwell; Detention Officer Mayo; Detention Officer James; Detention Officer Mucker; and Detention Officer Heretord.

The threshold issue is whether Vela's claims should be dismissed as frivolous. The court concludes that Vela's claims lack merit and should be dismissed for the reasons stated below.

Vela alleges that on December 8, 2014, he was confined in cellblock 4G2 in the Harris County Jail ("HCJ"). He states that five deputies and their supervisor escorted an inmate to Vela's tank. The inmate repeatedly stated that he did not want to be in that tank and that he would hurt someone if released. Sergeant Jefferson ordered the deputies to remove the inmate's handcuffs. Once uncuffed, the inmate rushed toward Vela and struck him on the back of the head. Vela claims

that the assault aggravated existing back and neck injuries. Vela seeks unspecified compensatory damages for future medical expenses.

A federal court has the authority to dismiss a complaint in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

Vela alleges that the defendants failed to protect him from another inmate, putting his life in danger. As a pretrial detainee, Vela's constitutional rights flow from the procedural and substantive due process guarantees of the Fourteenth Amendment, whereas the constitutional rights of convicted inmates flow from the Eighth Amendment's prohibition on cruel and unusual punishment. *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The standard of analyzing failure to protect claims is the same.

To prevail on a § 1983 failure to protect claim, the plaintiff must demonstrate that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir.

1999). The deliberate indifference standard in a failure-to-protect claim is subjective, not objective. It requires proof that the official actually knew of a substantial risk of serious harm and failed to act. *Farmer*, 511 U.S. at 832–34. "A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Id.* at 844–45. Vela fails to allege that the defendants actually knew of a substantial risk of serious harm and failed to act. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Horton*, 70 F.3d at 401 (same). Vela alleges that the defendants ignored an inmate's threats to do harm and released that inmate into the tank. Vela states that he did not know that the inmate posed a threat to his safety. Vela became aware of the danger posed by the inmate after he was assaulted. (Docket Entry No. 7, Plaintiff's More Definite Statement, p. 2). Vela fails to show that prison officials were aware of facts that lead to the inescapable conclusion that he was exposed to substantial danger. Vela has not alleged that the defendants acted with deliberate indifference. He has not shown that the officials were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew the inference.

Vela also argues that the defendants should have perceived the risk to his safety posed by the inmate. Gross negligence will not suffice to violate the due process rights of a pretrial detainee. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir.1996) (en banc)). Vela does not state a viable failure-to-protect claim.

The action filed by Refugio Vela (TDCJ-CID #1976542) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and

(2) the District Clerk for the Eastern District of Texas, Attention: Manager of the Three-Strikes List, Lori_stover@txed.uscourts.gov.

SIGNED at Houston, Texas, on July 13, 2016.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE